# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **APRIL M. ROBINSON,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | }   Case No.:  5:08-CV-1905-RDP |
| | } |
| **MICHAEL J. ASTRUE,** | } |
| **COMMISSIONER, SOCIAL** | } |
| **SECURITY ADMINISTRATION,** | } |
| | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion for an Award of Attorney's Fees (Doc. #15), filed May 24, 2010.  In Plaintiff's Motion, she requests an attorney's fee award totaling $6,676.61, which reflects 38.4 hours of work at an hourly rate of $173.87.  (Doc. #15 at 3). Plaintiff's counsel included an itemized breakdown of the 38.4 hours.  (Doc. #15, Ex. A).  In response, the Commissioner argues that (1) the stated hourly rate is unreasonable and (2) specific recorded tasks on the itemization are excessive.  (Doc. #17).  First, regarding the hourly rate and based on the CPI adjustment for each particular year, the Commissioner claims that Plaintiff's counsel is "entitled to an award of fees at an hourly rate of $172.85 for work performed in 2008; $172.24 [f]or work performed in 2009; and $174.72 for work performed in 2010." (Doc. #17 at 6) (footnotes omitted).  Second, regarding the total number of hours expended, the Commissioner claims that Plaintiff's counsel is entitled to compensation for 33.845 hours rather than the requested 38.4 hours.  (Doc. #17 at 7-16).

Plaintiff generally accepts these objections.  She "agree[s] with the Commissioner that it would be more equitable to refigure the rate at the beginning of each succeeding year using the

average CPI for that year." (Doc. #18 at 1). Plaintiff does not contest the Commissioner's claim that various line-item tasks should be either reduced or eliminated altogether. (Doc. #18 at 2). Moreover, although the Commissioner suggests reducing by 25% each 0.30 hour charge in the itemization, Plaintiff states that these charges should be reduced from 0.30 hours to 0.20 hours (*i.e.*, slightly more than 25%).[1] (Doc. #18 at 2).

Plaintiff, however, disagrees with one of the requested hourly reductions. (Doc. #18 at 2). In the initial itemization, Plaintiff's counsel logged 2.5 hours for preparing the instant attorney's fee motion. (Doc. #15, Ex. A at 3). The Commissioner claims that the record should be reduced from 2.5 hours to 2.0 hours. (Doc. #17 at 9). According to the Commissioner:

> [It] is aware that it took the attorney time to draft and complete the EAJA report. However, his law firm is known to the undersigned to have an established Social Security Disability practice. Undoubtedly, this firm had, or should have had at its disposal, sample EAJA motions to use as templates. Indeed, the attorney submitted examples of awards in other cases to demonstrate that her hourly rate request was reasonable. A firm handling the volume of cases that Attorney Hunt's law firm seems to handle also undoubtedly had, or should have had an electronic system for keeping track of and maintaining logs of hours expended on individual cases.

(Doc. #17 at 9). Consequently, based on Plaintiff's concessions and her own self-reduction, the only disputed issue is whether Plaintiff's counsel is entitled to compensation for 2.5 or 2.0 hours for preparing the fee petition.

---

[1] Plaintiff accepts that "most" of the 0.30 hour charges should be reduced to 0.20 hour charges. (Doc. #18 at 2). But Plaintiff does not specify which charges should remain and which charges should change. In any event, on its own review of the billing statement, the court finds that, for the relevant tasks logged, 0.20 hour charges are more reasonable than 0.30 hour charges. Specifically, the items recorded for 0.30 hours include receiving telephone calls, drafting update letters, and reviewing routine court orders. These activities, absent extraordinary circumstances which are not present here, do not necessitate eighteen minutes of an attorney's time. Based on the record, however, billing for twelve minutes as to these tasks is reasonable. Therefore, coupling Plaintiff's admission with the court's own inspection, the 0.30 hour charges are uniformly reduced to 0.20 hour charges throughout the itemization.

When evaluating motions for attorney's fees, the court's guiding standard is whether the articulated amount of time is reasonable. Generally, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which [the task] might theoretically have been done." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988). As previously determined by this court, the Commissioner routinely has acquiesced to 2.5 hours as a reasonable amount of time expended on preparing EAJA fee petitions. *See Qualls v. Astrue*, 5:08-CV-735-VEH, Doc. #16 at 6-8 (N.D. Ala. Aug. 14, 2009) (collecting cases). And in this particular case, the Commissioner's only objection is that Plaintiff's counsel could have performed the task more efficiently. Critically, the Commissioner has not suggested that billing 2.5 hours rather than 2.0 hours would be professionally irresponsible. Instead, the Commissioner merely contends that Plaintiff's counsel "should have" had various resources that likely would have trimmed the time. (Doc. #17 at 9).

The court is unable to conclude, based on the record and the Commissioner's mere speculation, that Plaintiff's counsel "should have" expended less time than logged. Rather, based on the record before it, the court finds that 2.5 hours is a reasonable amount of time to (1) draft and finalize the motion; (2) conduct the necessary legal research; and (3) compile the time records spanning not only three years, but two proceedings in this court as well as a renewed administrative process. The time included does not strike the court as excessive or professionally unnecessary based on the facts of this case.

Thus, factoring in the Commissioner's objections, with which Plaintiff agrees, and including the 2.5 hours claimed in 2010 for preparation of the attorney's fee motion, the following table

summarizes[2] the final award:

| Year | Hourly Rate | Number of Hours | Fee |
|---|---|---|---|
| 2008 | $172.85 | 1.60 | $276.56 |
| 2009 | $172.24 | 27.90[3] | $4,805.50 |
| 2010 | $174.72 | 4.30 | $751.30 |
| | | **TOTAL FEE** | **$5,833.36** |

The Motion (Doc. #15), therefore, is due to be granted in part to reflect the Commissioner's objections and Plaintiff's concessions. A separate order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this ___16th___ day of June, 2010.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] For the full breakdown by year, see Appendices A, B, and C, attached to this Memorandum Opinion.

[3] This number diverges from both Plaintiff's and the Commissioner's calculations. Nevertheless, excluding the three 0.30 hour charges on October 7, 2009 and reducing the remaining 0.30 hour charges for 2009 to 0.20 hour charges yield 27.90 total hours rather than the 28.165 total hours calculated by the Commissioner. (Doc. #17 at 15). Likewise, in Plaintiff's reply brief, without explanation, she claims, even after accepting the Commissioner's objections, that the appropriate number of hours for 2008 is 29.00 hours. (Doc. #18 at 2). The court, having incorporated the Commissioner's objections to the itemized time record as well as Plaintiff's concessions, finds that 27.90 hours accurately captures the reasonable amount of time expended on this case.

**APPENDIX A: 2008 Billing Summary**

| Date | Services Rendered | Hours Claimed | Hours Allowed |
|---|---|---|---|
| 10/13/08 | Prepared Summons, Complaint and Oath of Inability to Pay Costs for U.S. District Court | 0.30 | 0.20[4] |
| 10/15/08 | Received and reviewed Motion Granting Client to file Forma Pauperis from District Court | 0.30 | 0.20[5] |
| 10/15/08 | Received and reviewed Notice Summons Issued to Commissioner/USA | 0.30 | 0.20 |
| 10/29/08 | Received and reviewed Notice of Service from U.S. Marshal | 0.30 | 0.20 |
| 10/31/08 | Telephone call from Client with new phone number/Memo to file | 0.30 | 0.20 |
| 11/06/08 | Received and reviewed Notice of Appearance by Office of General Counsel | 0.30 | 0.20 |
| 11/24/08 | Received and reviewed Answer and Transcript from U.S. Attorney | 0.30 | 0.20 |
| 11/25/08 | Received and reviewed Acknowledgment of Receipt Pleading and Transcript from Appeals Council | 0.30 | 0.20 |
| | **TOTAL HOURS** | | 1.6 |
| | **ANNUAL HOURLY RATE** | | $172.85 |
| | **TOTAL FEE** | | $276.56 |

---

[4] Citing to *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000), the Commissioner claims that "hours spent completing the summons and oath are clerical tasks, which are not properly billed to the government." (Doc. #17 at 8). The Commissioner, therefore, requests that the court reduce the 0.30 hour charge to a 0.20 hour charge. (Doc. #17 at 8). Plaintiff does not dispute this objection, and the court reduces the entry accordingly.

[5] The Commissioner objects to counsel's 0.30 hour charges throughout the itemization. (Doc. #17 at 10-15). The Commissioner suggests that the 0.30 hour charges should be reduced by 25%. (Doc. #17 at 13-14). According to Plaintiff, however, these entries should be reduced to 0.20 hour charges instead of 0.30 hour charges. (Doc. #18 at 2). Thus, the court includes Plaintiff's suggested recalculation over the Commissioner's approach.

**APPENDIX B: 2009 Billing Summary**

| Date | Services Rendered | Hours Claimed | Hours Allowed |
|---|---|---|---|
| 1/07/09 | Read and summarized Administrative Record, researched case law and Social Security Rulings | 6.50 | 6.50 |
| 1/08/09 | Drafted Administrative Proceedings, Statement of Facts, Standard of Review and Argument, Shepardized cited cases and prepared final Memorandum of Law in Support of Plaintiff's Argument | 6.50 | 6.50 |
| 1/08/09 | Letter to Client Enclosing Copy FDC Brief | 0.30 | 0.20 |
| 1/09/09 | Telephone call from Client re status; explained District Court process and time frames | 0.30 | 0.20 |
| 1/27/09 | Received and reviewed U.S. Attorney's Motion for Entry of Judgment under Sentence Six of 42 USC Section 405(G) | 1.00 | 1.00 |
| 1/28/09 | Received and reviewed Order of Remand under Sentence Six from the District Court | 0.30 | 0.20 |
| 2/05/09 | Letter to Client re FDC Remand for Lost File | 0.30 | 0.20 |
| 2/20/09 | Received and reviewed Appeals Council Remand Order | 0.30 | 0.20 |
| 3/16/09 | Telephone call from Client with questions re FDC Remand | 0.30 | 0.20 |
| 4/03/09 | Telephone call from client re status/Memo to file | 0.20 | 0.20 |
| 6/10/09 | Received and reviewed confirmation from ODAR of receipt of file | 0.30 | 0.20 |
| 6/12/09 | Received and reviewed e-mail from U.S. Attorney's Office re status/sent reply e-mail | 0.30 | 0.20 |
| 7/13/09 | Telephone call from Client re status/Memo to file | 0.30 | 0.20 |
| 8/18/09 | Telephone call from Client re status/Memo to file | 0.30 | 0.20 |
| 10/06/09 | Telephone call from Client updating medical/Memo to file | 0.30 | 0.20 |
| 10/07/09 | Letter to Highlands Medical Center (HMC) requesting updated records | 0.30 | 0.0[6] |

---

[6] According to the Commissioner, who in turn cites to *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000), the three letters composed on October 7, 2009 are "clerical tasks [which] are not compensable under the EAJA." (Doc. #17 at 9). Plaintiff does not dispute this objection, and the court reduces the entries accordingly.

6

| 10/07/09 | Letter to Dr. Muralie T. Mohan requesting updated records | 0.30 | 0.0 |
|---|---|---|---|
| 10/07/09 | Letter to Dr. Ronald E. Calhoun requesting updated records | 0.30 | 0.0 |
| 10/12/09 | Telephone conference with ODAR: Hearing set for 12/01/09 @ 11:00 AM w/ALJ Stout (Huntsville) | 0.30 | 0.20 |
| 10/12/09 | Letter to client re hearing date and requesting completion of Recent Medical Treatment Form (RMT) and Current Medications List | 0.30 | 0.20 |
| 10/21/09 | Received and reviewed e-mail from U.S. Attorney's Office re status/sent reply e-mail | 0.30 | 0.20 |
| 10/21/09 | Received disk containing Exhibits from ODAR, copied disk to file and reviewed Exhibits | 0.50 | 0.50 |
| 10/28/09 | Received and reviewed report from Lab Corp (via Fax) | 0.30 | 0.20 |
| 10/30/09 | Letter to ALJ submitting evidence - Lab Corp | 0.30 | 0.20 |
| 11/03/09 | Received and reviewed updated records from Dr. Calhoun | 0.30 | 0.20 |
| 11/05/09 | Received and reviewed updated records from HMC | 0.30 | 0.20 |
| 11/05/09 | Letter to ALJ submitting evidence - Dr. Calhoun | 0.30 | 0.20 |
| 11/05/09 | Letter to ALJ submitting evidence - HMC | 0.30 | 0.20 |
| 11/05/09 | Reviewed file in preparation for hearing, research of regulations, statutes and case law, prepared hearing summary | 2.00 | 2.00 |
| 11/09/09 | Received and reviewed Notice of Hearing from ODAR | 0.20 | 0.20 |
| 11/20/09 | Received and reviewed updated records from Dr. Mohan | 0.30 | 0.20 |
| 11/20/09 | Letter to ALJ submitting evidence - Dr. Mohan | 0.30 | 0.20 |
| 11/30/09 | Letter to Client enclosing Florence Work Affidavit | 0.30 | 0.20 |
| 11/30/09 | Telephone conference with client; discussed case, completed forms in connection with hearing | 0.50 | 0.50 |
| 12/01/09 | Interviewed client, held hearing before ALJ, including travel | 5.00 | 5.00 |
| 12/02/09 | Memo to file re hearing and testimony | 0.50 | 0.50 |
| 12/02/09 | Letter to Client Posthearing | 0.30 | 0.20 |

| 12/02/09 | Letter to SSA District Office submitting SSA-1695 and 1696 | 0.30 | 0.20 |
|---|---|---|---|
| | **TOTAL HOURS** | | 27.9 |
| | **ANNUAL HOURLY RATE** | | $172.24 |
| | **TOTAL FEE** | | $4,805.50 |

**APPENDIX C: 2010 Billing Summary**

| Date | Services Rendered | Hours Claimed | Hours Allowed |
|---|---|---|---|
| 1/08/10 | Received and reviewed Favorable Decision at Hearing | 1.00 | 1.00 |
| 1/12/10 | Letter to Client Favorable Decision (SSI Only) | 0.30 | 0.20 |
| 3/23/10 | Fax Finder Request to U.S. Attorney for Final Entry of Judgment | 0.30 | 0.20 |
| 5/11/10 | Received and reviewed Motion to Reopen and Affirm the Final Decision of the Commissioner | 0.30 | 0.20 |
| 5/12/10 | Received and reviewed Final Judgment Affirming the Final Decision of the Commissioner | 0.30 | 0.20 |
| 5/24/10 | Review file, compile listing of time involved in District Court representation; prepare and finalize EAJA Motion and related documents | 2.50 | 2.50 |
| | **TOTAL HOURS** | | 4.3 |
| | **ANNUAL HOURLY RATE** | | $174.72 |
| | **TOTAL FEE** | | $751.30 |